UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/18/13_

JUAN F. GUZMAN, FRANCISCO G.
GUZMAN, OWNERS 3607 BROADWAY
FOOD CENTER, INC.

                              Plaintiffs,

          v.

UNITED STATES DEPARTMENT OF
AGRICULTURE FOOD AND
NUTRITION SERVICE,

                              Defendant.

**MEMORANDUM**
**OPINION & ORDER**

12 Civ. 3275 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

          In this action, pro se Plaintiffs 3607 Broadway Food Center, Inc. ("3607

Broadway") and its owners Juan F. Guzman and Francisco G. Guzman challenge an

administrative decision of the United States Department of Agriculture ("USDA") disqualifying

3607 Broadway from participating in the Supplemental Nutrition Assistance Program ("SNAP")

for six years.  (See Am. Cmplt. ¶ IV)[1]  The USDA Food and Nutrition Service ("FNS") imposed

the six-year disqualification sanction after 3607 Broadway had been disqualified from

participating in the Special Supplemental Nutrition Program for Women, Infants, and Children

("WIC").

---

[1]  The Guzmans are proceeding pro se but purport to represent 3607 Broadway Food Center, Inc.
"'It is settled law that a corporation may not appear in a lawsuit . . . except through an attorney.'"
Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 192 (2d Cir. 2006) (quoting SEC v.
Research Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975))); see also Bell v. South Bay
European Corp., 486 F. Supp. 2d 257, 260 (S.D.N.Y. 2007) (a "lay person may not represent an
entity").  Accordingly, the Guzmans will not be permitted to appear for 3607 Broadway in this
action.

The Government has moved for summary judgment.  (Dkt. Nos. 7, 11)  Plaintiffs do not dispute or challenge the validity of the WIC disqualification but contend that they should not have been disqualified from participation in the SNAP program.  The Government argues that the USDA's decision to suspend 3607 Broadway from the SNAP program was mandated by the relevant regulations and, in any event, was not arbitrary and capricious.  For the reasons stated below, the Government's motion for summary judgment will be granted.

## BACKGROUND

I.   STATUTORY AND REGULATORY BACKGROUND

WIC provides "supplemental foods and nutrition education" to pregnant, post-partum, and breast-feeding women, as well as to children from low-income families.  42 U.S.C. § 1786(a)  WIC is funded by the USDA and is subject to federal regulations, but is state-administered.  In New York, WIC is administered by the New York State Department of Health ("DOH").  DOH authorizes vendors to participate in WIC and sanctions vendors who violate the regulations that govern the program.  See 42 U.S.C. § 1786(f); 7 C.F.R. §§ 246.3, 246.4, 246.12(j); Kim v. United States, 822 F. Supp. 107, 108 (E.D.N.Y. 1993).

SNAP provides benefits designed to increase the food purchasing power of eligible beneficiaries.  These benefits are distributed through Electronic Benefits Transfer ("EBT") cards, and are used to purchase eligible food items at participating retail food stores. The Government then pays those food stores the full face value of the purchased items.  7 U.S.C. § 2013.

Pursuant to its authority under the Food and Nutrition Act of 2008 ("FNA"), the USDA has promulgated regulations that govern the WIC and SNAP programs.  While the DOH sanctions those vendors that violate WIC regulations, FNS is responsible for imposing sanctions

2

on vendors that violate SNAP regulations.  7 C.F.R. § 278.6(a).  Violations of the SNAP

regulations may result in temporary or permanent suspension from the SNAP program.  (Id.)

FNS may impose a civil monetary penalty in lieu of disqualification, however, where it

"determines that a disqualification would cause hardship" to households receiving SNAP

benefits.  (Id.)  Such a hardship exists where "the firm subject to a disqualification is selling a

substantial variety of staple food items[] and . . . there is no other authorized retail food store in

the area selling as large a variety of staple food items at comparable prices."  7 C.F.R. §

278.6(f)(1).

   Under certain circumstances, FNS is required to disqualify a food store from

participating in the SNAP program where that store has been disqualified from participating in

the WIC program.  For example, reciprocal disqualification from the SNAP program is required

where a food store has been disqualified from WIC based on a "pattern of claiming

reimbursement for the sale of an amount of a specific food item which exceeds the store's

documented inventory of that food item for a specified period of time."  7 C.F.R.

§ 278.6(e)(8)(i)(A); see also 7 U.S.C. § 2021(g)(1) (authorizing USDA to issue regulations

setting forth criteria for when WIC disqualification triggers reciprocal SNAP disqualification).

## II. FACTUAL BACKGROUND

   3607 Broadway is a grocery store located in the Hamilton Heights section of

Manhattan.  (Def. Rule 56.1 Stmt. ¶ 1; Administrative Record ("AR") 1-3)[2]  3607 Broadway was

previously an authorized vendor in the WIC and SNAP programs.  (Def. Rule 56.1 Smt. ¶¶ 2-3)

---

[2]  Unless otherwise noted, citations to the Government's Local Rule 56 .1 statement concern
factual assertions that are admitted or are deemed admitted because they were neither admitted
nor denied by Plaintiffs or have not been contradicted by citations to admissible evidence. See
Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . .

On September 8, 2003, the DOH sanctioned 3607 Broadway for violations of the WIC program.[3]  (AR 7)  Pursuant to 7 C.F.R. § 246.12(l)(1)(ix), the DOH imposed a monetary penalty in lieu of disqualification after determining that 3607 Broadway's continued participation in the WIC program was necessary at that time in order to adequately serve the needs of the community.  (AR 7)  On September 25, 2005, the DOH imposed a second monetary penalty on 3607 Broadway based on a pattern of overcharge violations that occurred between February 2005 and May 2005.  (AR 7-8)

In a June 10, 2011 letter, the DOH informed 3607 Broadway that the store's sales invoices for the period between October 2010 and February 2011 showed that 3607 Broadway had engaged in "a pattern of claiming reimbursement for sale of an amount of a specific supplemental food item which exceeds the store's documented inventory of that supplemental food item for a specific period of time."[4]  (AR 11)  In this letter, the DOH further stated that because this conduct constituted 3607 Broadway's third violation of WIC regulations, it would be disqualified from participating in the WIC program for six years, as required by applicable regulations.  (AR 11); see 7 C.F.R. § 246.12(l)(1)(iii)(b) (requiring three-year WIC disqualification for pattern of claiming reimbursement for sales that exceed documented inventory); 7 C.F.R. § 246.l2(l)(1)(vi) (requiring state agency "to double" sanction after three or more violations of the regulations governing the WIC program).

The June 10, 2011 letter also warned Plaintiffs that the "WIC disqualification may result in a Food Stamp Program reciprocal disqualification without the opportunity for a separate

---

fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)).

[3]  The nature of the violations is not clear from the record.

[4]  The DOH concluded that 3607 Broadway's invoice and purchase records concerning infant formula did not support the store's claimed WIC infant formula sales.  (AR 11)

administrative or judicial review under the Food Stamp Program."  (AR 11)  The DOH letter informed Plaintiffs that they had "the right to a hearing before an Administrative Law Judge" if they wished to challenge the disqualification.   (AR 11)  3607 Broadway did not request administrative review and the store was disqualified from participating in the WIC program for six years, effective June 30, 2011.  (AR 11, 22)

In a January 5, 2012 letter (the "Charge Letter"), FNS informed Plaintiffs that it was considering whether 3607 Broadway should be suspended from participating in the SNAP program based on its disqualification from the WIC program.  FNS noted that "[o]ne of the [store's] violations [of the WIC regulations] is also a violation of the SNAP regulations."  (AR 15)  FNS reiterated that if 3607 Broadway was suspended from the SNAP program based on the WIC disqualification, the disqualification from the SNAP program would not be subject to administrative review.  (Id.)

Through counsel, Plaintiffs requested a meeting with FNS officials to discuss the Charge Letter.  (AR 18)  At a January 24, 2012 meeting with FNS officials, Plaintiffs did not dispute the validity of the WIC disqualification, but simply stated that they had chosen not to appeal that sanction after being told by the DOH that "they had no chance of winning the appeal" and that the WIC disqualification "may or may not" result in reciprocal SNAP disqualification. (AR 22-23)

In a February 21, 2012 letter (the "Determination Letter"), FNS informed Plaintiffs that 3607 Broadway would be disqualified from participating in the SNAP program for six years, and that this decision "was final and . . . not subject to administrative review."  (AR 27)  The Determination Letter stated that FNS had considered whether to impose a monetary penalty instead of disqualification, but had decided that such a "hardship" exception would not

be appropriate given that "there are other authorized retail stores in the area selling a variety of staple foods at comparable prices." (AR 27) Three other grocery stores within 0.3 miles of 3607 Broadway accept SNAP benefits. Within the zip code for 3607 Broadway, four large grocery stores, three supermarkets, and two "super stores" accept SNAP benefits. (Def. Rule 56.1 Stmt. ¶ 4; AR 23-24, 26) The letter advised Plaintiffs, however, that they could appeal the denial of a "hardship" exception. (AR 27)

    Plaintiffs requested administrative review of the disqualification determination in a February 28, 2012 letter to FNS. (AR 30-31) Plaintiffs argued that the disqualification determination should be overturned because they were not aware of the "potential of reciprocal disqualification from the [SNAP] program as a result of the WIC Disqualification," given that their accountant had told them it was "more likely than not" that FNS would not exercise its discretion to impose reciprocal disqualification. (AR 30) Plaintiffs also argued that they "qualified for a [civil monetary penalty] in lieu of disqualification" because (1) the store had an effective compliance policy and program in place at the time the WIC violation occurred; (2) the store had developed and implemented an effective personnel training program covering SNAP rules and regulations; (3) the store was not aware that reciprocal disqualification could result from "poor record keeping"; and (4) the store was located in a low-income area and disqualification "would adversely impact the community." (AR 30-31)

    On March 28, 2012, FNS issued a Final Agency Decision sustaining the six-year disqualification imposed by its New York City Field Office. (AR 43-48) In upholding the six-year disqualification, FNS found that because there were "at least three other authorized retail stores in close proximity to [3607 Broadway] that sell as large a variety of staple foods at comparable prices," including "two full-line supermarkets[,]" the Field Office had properly

determined that a monetary penalty in lieu of disqualification was "not appropriate."  (AR 47)
The Final Agency Decision also notes that, under applicable regulations, the existence of
compliance and training programs is only relevant to determining eligibility for a monetary
payment sanction where a firm has been permanently disqualified from the SNAP program,
rather than disqualified for a set period of time.  (AR 47)

   Plaintiffs commenced this action on April 25, 2012, challenging the six-year
disqualification sanction pursuant to the FNA, 7 U.S.C. § 2023(a)(13).  (Dkt. No. 1)

**DISCUSSION**

I.  **SUMMARY JUDGMENT STANDARD**

   Summary judgment is appropriate only when the "pleadings, the discovery and
disclosure materials on file, and any affidavits show that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(c).  Whether facts are material is a determination made by looking to substantive law.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A dispute about a genuine issue
exists" where "the evidence is such that a reasonable jury could decide in the non-movant's
favor."  Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (internal quotation marks
omitted).  Courts "resolve all ambiguities, and credit all factual inferences that could rationally
be drawn, in favor of the party opposing summary judgment."  Cifra v. Gen. Elec. Co., 252 F.3d
205, 216 (2d Cir. 2001).

   "In moving for summary judgment against a party who will bear the ultimate
burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence
to support an essential element of the nonmoving party's claim."  Gummo v. Village of Depew,
75 F.3d 98, 107 (2d Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

7

The non-movant "cannot avoid summary judgment simply by asserting a 'metaphysical doubt as to the material facts,'" Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)), and "'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.'"  Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)).

## II.    STANDARD FOR ARBITRARY AND CAPRICIOUS DETERMINATION

A vendor participant in the SNAP program

> aggrieved by a final administrative action of FNS[] may obtain judicial review of the agency decision.  7 U.S.C. § 2023(a)(13).  If the firm disputes FNS's finding that it violated program regulations, a district court generally reviews the matter de novo, in order to "determine the validity of the questioned administrative action."  Yafaie v. United States, No. 94 Civ. 7825(KMW), 1995 WL 422169, at *1 (S.D.N.Y. July 18, 1995) (citing 7 U.S.C. § 2023(a)(15)).  "However, if a plaintiff concedes that the violations took place, the district court's review of the penalty is limited to whether the imposition was arbitrary or capricious."  El Tepeyac Grocery Inc. v. United States, No. 11 Civ. 5837(ALC), 2012 WL 1227956, at *2 (S.D.N.Y. Apr. 10, 2012) (citing Lawrence v. United States, 693 F.2d 274, 276 (2d Cir.1982) (further citations omitted)); see also Lugo v. United States, No. 08 Civ. 2960(RJS), 2009 WL 928136, at *3 (S.D.N.Y. Mar. 30, 2009).

Makey Deli Grocery Inc. v. United States, 873 F. Supp.2d. 516, 520 (S.D.N.Y. 2012).  Here, Plaintiffs do not dispute that 3607 Broadway violated WIC and SNAP regulations, but instead contend that FNS's imposition of the disqualification sanction was arbitrary and capricious.

"Whether the imposition of a penalty by the FNS was arbitrary or capricious is a matter of law appropriately determined on a motion for summary judgment."  Yafaie v. United States, 94 Civ. 7825 (KMW), 1995 WL 422169, at *1 (S.D.N.Y. July 18, 1995) (citing Ai Hoa Supermarket, Inc. v. United States, 657 F.Supp. 1207, 1208-09 (S.D.N.Y. 1987)).  "An agency's action is arbitrary and capricious if it was 'unwarranted in law or without justification in fact.'"

Nagi v. United States Department of Agriculture, No. 96 Civ. 6034(DC), 1997 WL 252034, at *2

(S.D.N.Y. Mar. 14, 1997) (quoting Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir.

1981)).  "Courts in this District have repeatedly held that, '[i]f the agency has followed its

guidelines,' 'the reviewing court may not overturn the decision as arbitrary and capricious.'"

Lugo, 2009 WL 928136, at *2 (citing Nagi, 1997 WL 252034, at *2); see also Young Jin Choi v.

United States, 944 F.Supp. 323, 325 (S.D.N.Y. 1996) ("A sanction is not arbitrary and capricious

when a federal agency properly adheres to its own regulations and guidelines when imposing

it.").

III.   **ANALYSIS**

   The Government argues that this Court lacks subject matter jurisdiction to review

FNS's reciprocal sanction, because applicable regulations preclude vendors participating in the

SNAP program from seeking judicial review of a disqualification that is based on an underlying

disqualification from the WIC program.  (Gov't Br. 7)  According to the Government, given that

reciprocal disqualification is mandatory in such circumstances, there is no exercise of agency

discretion for a court to review.  See 7 C.F.R. § 278.6(e)(8)(iii)(C) ("FNS shall disqualify from

the Food Stamp Program any firm which is disqualified from the WIC Program . . . [based on a]

pattern of claiming reimbursement for the sale of an amount of a specific food item which

exceeds the store's documented inventory of that food item for a specified period of time."); see

also 7 U.S.C. § 2021(g)(1) (authorizing USDA to issue regulations setting forth criteria for when

WIC disqualification triggers reciprocal SNAP disqualification).  The Government further

contends that USDA regulations provide that the term of the SNAP disqualification must be the

same as the term of the WIC disqualification.  See 7 U.S.C. § 2021(g)(2)(A); 7 C.F.R. § 278.6(e)

(8)(iii)(A) (SNAP disqualification "[s]hall be for the same length of time as the WIC disqualification").

While this issue appears to be one of first impression in this Circuit, the applicable statute and regulation plainly preclude judicial review of a SNAP disqualification that is premised on an earlier WIC disqualification.  See 7 U.S.C. § 2021(g)(2)(C) (disqualification of retailers participating in SNAP who are disqualified under the WIC program "shall not be subject to judicial or administrative review"); 7 C.F.R. § 278.6(e)(8)(iii)(C) ("[A] Food Stamp disqualification [based on a WIC disqualification] . . . [s]hall not be subject to administrative or judicial review under the Food Stamp Program.").  Agencies of the United States are, of course, immune from suit absent a waiver of sovereign immunity.  See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994).

Courts have interpreted the statute and regulation cited above as depriving courts of subject matter jurisdiction to review reciprocal disqualifications.  See, e.g., Simone Enterprises, LLC v. U.S. Dept. of Agric., No. 11-CV-301, 2011 WL 3236222, at *3 (E.D. Wis. July 27, 2011); Dasmesh v. United States, 501 F. Supp. 2d 1033, 1039 (W.D.Mich. 2007) ; Islam Corp. v. Johanns, No. 3:05-CV-00801-S, 2007 WL 1520930, at *6-*7 (W.D.Ky. May 21, 2007); Salmo v. USDA, 226 F. Supp. 2d 1234, 1237 (S.D.Cal. 2002).  Consistent with these decisions, this Court finds that it does not have subject matter jurisdiction to review FNS's imposition of a reciprocal disqualification.

Courts have held, however, that judicial review of the refusal to impose a civil monetary penalty in lieu of disqualification presents a separate issue:

> Unlike decisions to disqualify a store from SNAP after it has been disqualified from WIC, the decision not to impose a civil money penalty is not expressly exempted from judicial review.  See 7 U.S.C. § 2021(g); 7 C.F.R. § 297.7(a). However, the court's jurisdiction to review such sanctions is very limited.  See

Dasmesh, 501 F. Supp. 2d at 1039.  "'The reviewing court's function is only to "determine the validity of the questioned administrative action," not to review the sanctions.'"  Id. (quoting Woodward v. United States, 725 F.2d 1072, 1077 [6th Cir. 1984]).  The scope of judicial review is "limited to determining 'whether the agency properly applied the regulations. . . .'"  Id. (quoting Goldstein v. United States, 9 F.3d 521, 523 [6th Cir. 1993]).  As such, "the severity of the sanction is not open to review."  Goldstein, 9 F.3d at 523.

Simone Enterprises, LLC, 2011 WL 3236222, at *3.

> "The mere fact that FNS had discretion to choose whether to disqualify [3607 Broadway] or subject [it] to a civil money penalty does not render the penalty imposed here arbitrary and capricious."  Lugo, 2009 WL 928136, at *4 (citation omitted).  The applicable regulation only allows for a monetary penalty in lieu of disqualification where suspending a vendor from the SNAP program would present a hardship for the community.  See 7 C.F.R. § 278.6(f)(1).  Given that it is undisputed that numerous stores close to 3607 Broadway accept SNAP benefits (see Def. Rule 56.1 Stmt. ¶ 4; AR 23-24), there is no evidence that suspending 3607 Broadway from the SNAP program presents a hardship to the community.

> In sum, the penalty imposed on 3607 Broadway was mandated by the governing regulation and FNS did not act arbitrarily and capriciously in imposing a six-year suspension.

## CONCLUSION

> For the reasons stated above, Defendant's motion for summary judgment is GRANTED.  The Clerk of the Court is directed to terminate the motion (Dkt. Nos. 7, 11), to enter judgment for Defendant, and to close this case.

Dated: New York, New York
       March 18, 2013                    SO ORDERED.


                                         _____
                                         Paul G. Gardephe
                                         United States District Judge